IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22376-CIV-MOORE/SIMONTON

WILHEMINA BRANDT,

    Plaintiff,

vs.

PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY, d/b/a
JACKSON HEALTH SYSTEM and
JACKSON MEMORIAL HOSPITAL
and DOE DEFENDANTS 1-10,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Amended Complaint (ECF No. 24).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.    **BACKGROUND**

This case involves an individual who claims her employer violated federal law by failing to pay her for lunch breaks that she worked through. Plaintiff Wilhemina Brandt ("Brandt") is employed as a registered nurse by Defendant Public Health Trust of Miami-Dade County d/b/a Jackson Health System and Jackson Memorial Hospital (the "Public Health Trust").[1] Brandt alleges

---

[1] The Public Health Trust "is an accredited, tax-assisted, tertiary teaching hospital with more than 1,500 licensed beds. Jackson Health System, an integrated healthcare delivery system, consists of its centerpiece, Jackson Memorial Hospital; several primary care and specialty care centers; a variety of school-based clinics serving many elementary, middle and high schools; two long-term care nursing facilities; six Corrections Health Services clinics; a network of mental health facilities; and numerous

that all employees are subject to Defendant's "Meal Break Deduction Policy," by which Defendant automatically deducts a 30 minute meal period per eight hour work shift, or a 45 minute meal period per 12 hour work shift. Brandt alleges that Defendant has violated the Fair Labor Standards Act ("FLSA") by deducting time from her pay under the Meal Break Deduction Policy, even when she has done work during the meal period. Brandt filed a Complaint (ECF No. 1) on June 19, 2010, and an Amended Complaint (ECF No. 16) on August 20, 2010. The Amended Complaint is styled as a collective action under the FLSA (Count I) and as a putative class action for unjust enrichment under Florida law (Count II).

**II.   ANALYSIS**

    A.   <u>Unjust Enrichment</u>

The Public Health Trust claims that Brandt's unjust enrichment claim should be dismissed because it is barred by the doctrine of sovereign immunity. "The Public Health Trust is a political subdivision and may only be sued by a waiver of sovereign immunity." <u>Public Health Trust of Miami-Dade County v. Acanda</u>, 23 So. 3d 1200, 1205 (Fla. 3d DCA 2009). Brandt argues that § 768.28(1) constitutes a waiver of sovereign immunity for its unjust enrichment claim. Pl.'s Resp. to Def.'s Mot. to Dismiss at 8 (ECF No. 33). This argument is frivolous and patently contrary to the plain language of the statute. Section 768.28(1), Florida Statutes, provides, in relevant part:

> [T]he state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, [or] personal injury . . . if a private person, would be liable to the

---

other hospitals including Holtz Children's Hospital, Jackson Rehabilitation Hospital, Jackson Mental Health Hospital, Jackson North Medical Center and Jackson South Community Hospital." Am. Compl. ¶ 13 (ECF. No. 16).

>claimant, in accordance with the general laws of this state, may be prosecuted subject
>to the limitations specified in this act.

§ 768.28(1), Fla. Stat. First, § 768.28(1) only waives sovereign immunity for the enumerated tort actions at law. Brandt's unjust enrichment claim is neither a tort, nor one of the enumerated tort actions at law. Unjust enrichment is a quasi-contractual cause of action, not a tort. Mobil Oil Corp. v. Dade County Esoil Mgmt. Co., Inc., 982 F. Supp. 873, 881 (S.D. Fla. 1997) (stating that unjust enrichment claim "is based in quasi-contract, not tort"); ThunderWave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1566 (S.D. Fla. 1997) (same). Moreover, unjust enrichment is an equitable remedy, not a legal remedy. Unlimited Resources Inc. v. Deployed Resources, LLC, No. 3:07-cv-961-J-12MCR, 2009 WL 3805633, at *2 (M.D. Fla. Nov. 12, 2009) (stating that unjust enrichment is an equitable remedy); Martinez v. Weyerhaeuser Mortg. Co., 959 F. Supp. 1511, 1519 (S.D. Fla. 1996) (stating that "in Florida, unjust enrichment is an equitable remedy"). Therefore, the unjust enrichment claim must be dismissed.

   B.   FLSA Claim

The Public Health Trust asserts that Brandt's FLSA claim should be dismissed. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. amend. XI. This immunity has been interpreted to include suits in which a state is being sued by its own citizen. Hans v. Louisiana, 134 U.S. 1 (1890). Section 768.28(18), Florida Statutes, states, in relevant part:

>No provision of this section, or of any other section of the Florida Statutes, whether
>read separately or in conjunction with any other provision, shall be construed to
>waive the immunity of the state or any of its agencies from suit in federal court, as
>such immunity is guaranteed by the Eleventh Amendment to the Constitution of the

> United States, unless such waiver is explicitly and definitely stated to be a waiver of
> the immunity of the state and its agencies from suit in federal court.

§ 768.28(18), Fla. Stat. As stated above, the Public Health Trust is a political subdivision of the state. It is well settled in this Circuit that Congress, through the FLSA, has not successfully abrogated the states' Eleventh Amendment immunity against suits in federal court. Keeler v. Fla. Dep't of Health, Div. of Disability Determinations, No. 10-10987, 2010 WL 3724476, at *2-3 (11th Cir. Sept. 24, 2010) (citing cases); see Powell v. State of Fla., 132 F.3d 677, 678 (11th Cir. 1998) (citing cases). Therefore, Brandt's FLSA claim must be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Amended Complaint (ECF No. 24) is GRANTED. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of October, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record